## HARRIS *vs.* BROWN.

[BILL IN EQUITY FOR FORECLOSURE OF MORTGAGE.]

1. *Validity of conveyance by husband to wife.*—If the husband buys a tract of land for his wife, at her request, and pays the purchase-money with funds belonging to her separate estate; but, in violation of her instructions, takes the title to himself,—his subsequent conveyance of it to her will be sustained.

2. *When mortgagee is entitled to protection.*—Where a mortgage is executed by the husband, on a tract of land previously conveyed by him to his wife, by a deed which has been properly recorded, and which a court of equity will uphold, the mortgagee must be regarded as a purchaser with notice ; but, if the deed has not been recorded, and the mortgage was given to secure a debt created at the time of its execution, the mortgagee is entitled to protection, because he has the legal title, while the equities are equal.

APPEAL from the Chancery Court at Mobile.

Heard before the Hon. WADE KEYES.

THIS bill was filed by Henrietta Brown, to foreclose a mortgage on a tract of land, which was executed to her by Frederick Harris on the 3d March, 1855. Mrs. Barbara Harris, the wife of said Frederick Harris, was made a co-defendant with her husband, on the ground that she claimed the land under a voluntary conveyance from him, which was executed before the mortgage, and which was alleged by the plaintiff to be fraudulent and void as to her.

A decree *pro confesso* was entered against Frederick Harris. Mrs. Harris answered, alleging that, at the time of her marriage with said Frederick, which occurred in Mobile in 1851, she had a separate estate, (not stating, however, whether it was held by statute or by contract;) that her husband, in 1852, bought the tract of land conveyed by the mortgage, at her request, and for her ; that the purchase-money was paid with funds belonging to her separate estate, and her husband was instructed to take the title in her name ; that she did not discover until February, 1855, that the title was taken by her

husband to himself, and then, at her request, he conveyed the land directly to her.

The cause was submitted on bill and answer. The chancellor rendered a decree for the complainant, and his decree is now assigned as error; the appeal being prosecuted by Mrs. Harris.

WM. BOYLES, for the appellant.
CHAMBERLAIN & ROBINSON, *contra.*

WALKER, J.—The agreement of counsel in this court, that the case was tried below upon an admission that the facts set forth in the answer were true, makes this a plain case for the appellants. Harris undertook to buy a tract of land for his wife, to be paid for out of her separate estate, and was directed by her to take the title in her name. Instead of complying with his wife's instruction, he took the title in his own name. The wife paid for the land, and afterwards put valuable improvements upon it. Upon discovering that the title was in her husband's name, she had him to convey the title to her, to her sole and separate use. In conveying the title to his wife, the husband did only what a court of chancery would have compelled him to do; and the act must, therefore, be regarded as well done.—Wilson v. Sheppard, 28 Ala. 623.

This conveyance by Harris to his wife, not being a sale, but a mere transfer of title under an equitable obligation which a court of chancery would have enforced, does not fall within the provisions of section 1985 of the Code, which says "husband and wife cannot contract with each other for the sale of any property." The deed was made in 1855; and therefore, the Code, and not the 5th section of the act of 1st March, 1848, applies.

If this conveyance from Harris to his wife had been recorded before the mortgage to the appellee, or, under section 1270 of the Code, had been handed in for registration, the mortgagee would have been a purchaser with notice. For the courts have uniformly decided, that the effect of registration in pursuance to law is constructive

notice.—Daniel v. Sorrells, 9 Ala. 436 ; 1 Story's Equity, §§ 401, 403. But there is no evidence, and no assertion in the bill or answer, that the deed was recorded.   There is at the bottom of the copy of the deed, exhibited with the bill, an unsigned statement in the following words : "Received in office for record, March 1st, 1855 ;" but it does not appear by whom it was made, nor is it made an exhibit to the bill. It is, therefore, impossible to regard it as evidence of the record of the deed.

We need not decide whether the deed from Harris to his wife was void at law, and operative only in equity.— Frierson v. Frierson, 21 Ala. 549 ; Gamble v. Gamble, 11 Ala. 966 ; 1 Bright's Husband and Wife, 29, 30, 31, 32. For conceding that the title of the defendant, Mrs. Harris, was a mere equity, will not affect the result in this case. The complainant is a purchaser for a valuable consideration, if the mortgage was given to secure a debt created cotemporaneously with its execution, (Andrews & Bro. v. McCoy, 8 Ala. ;) and if it were proved that the mortgage was given to secure the payment of money borrowed at the time of its execution, as alleged in the bill, it would be clear that the complainant would have a right to a decree, upon an application of the principle, that where the equities are equal, the legal title must prevail, if the title of Mrs. Harris is a mere equity.—1 Story's Equity, § 64. But in this case there is no proof as to the time when the debt was created. The answer does not say any thing on the subject ; and that is not one of the matters which we can presume was within the knowledge of Mrs. Harris, and, therefore, an admission cannot be implied from the silence of the answer. There being no proof that the mortgagee is a purchaser for a valuable consideration, the right of the defendant, even conceding that she has only an equity, will not be postponed for her.

It results, that the complainant's bill ought to be dismissed ; and the judgment of the court below must be reversed, and a decree here rendered, dismissing the bill ; and, by the consent of the counsel for appellant, the dismissal is without prejudice.