## Francis B. Mills *vs.* John A. Shepard.

*A* mortgaged to *B* certain specified lands in the town of Norfolk, the descriptive part of the deed concluding with the following clause—" with all the other lands I own in the town of Norfolk." *A* at this time held the title to certain land in Norfolk belonging to *C,* the deed by which it was conveyed to him being absolute in its terms and recorded as such, but being in fact a mortgage, the defeasance being by a separate instrument not recorded. Held, that this land did not pass to *B* by force of the general clause referred to.

A mortgagee before foreclosure can not be regarded as *owning* the land in any proper sense.

Whether, if it had appeared that *B* had examined the records and had taken the mortgage in the belief that the land in question was conveyed by it, and in reliance upon it as security, it might not have affected the case : *Quere.*

EJECTMENT, for the recovery of certain land lying in the town of Norfolk, tried in the superior court, before *Park, J.,* on the general issue closed to the court.

The land in question originally belonged to Dennis Whalley, who mortgaged it to Michael F. Mills on the 20th of July, 1841. The deed was absolute on its face and was recorded as such, Mills giving to Whalley a separate defeasance which was not recorded with the deed. This conveyance is fully de-

scribed, and is made the subject of adjudication, in the case of *Mills* v. *Mills*, 26 Conn., 213. The present plaintiff had acquired the title of Whalley, and, under the decree in that case, had redeemed the land and become vested with the legal title, except so far as the rights of the present defendant were concerned, who was not made a party to the suit.

The defendant claimed title to the land by virtue of a mortgage from Michael F. Mills, executed on the 7th day of May, 1851, prior to the proceedings in the former suit and before the plaintiff had acquired an interest in the land. He had also taken possession of the land. The descriptive part of this mortgage deed was as follows:—

" The land and premises herein after described, lying and being in said Norfolk, and is the same and all the land and premises which I have this day by mortgage deed conveyed to Levi and John K. Shepard, reference to my deeds to Levi and John K. Shepard for a more full description of said premises, be the same more or less, with all the other lands I own in the town of Norfolk, reference to the town records, and also my right in lands belonging to my wife, be the same more or less."

The land in question was no part of that specially referred to in the deed, but passed, if at all, by force of the clause " with all the other lands I own in the town of Norfolk." The court found that the defendant, when he took this mortgage, had no knowledge of the defeasance given by Mills to Whalley at the time the latter conveyed the premises to Mills, but that his conduct was in no manner affected by the want of such knowledge ; that the mortgage taken by him was wholly for the security of a pre-existing debt ; that Mills was insolvent, and that he was desirous of obtaining all the security that Mills could give, and would have taken a conveyance of this land even if he had known of the defeasance. But the court was of opinion that these facts could not be taken into consideration in giving a construction to the deed, and that the terms of the deed were such as to vest the title in the defendant, and accordingly rendered judgment for the defendant. The plaintiff thereupon brought the record before this court by

motion in error—the court having made a special finding of the facts and made it a part of the record.

*Granger* and *Peck*, for the plaintiff in error, cited *Mills* v. *Mills*, 26 Conn., 213 ; *North* v. *Belden*, 13 id., 381 ; *Savage* v. *Dooley*, 28 id., 411 ; *Bates* v. *Norcross*, 14 Pick., 224 ; *Jackson* v. *Town*, 4 Cowen, 599 ; and *Hinman* v. *Hinman*, 4 Conn., 580.

*Hubbard*, contra, cited 1 Swift Dig., 122 ; 4 Kent Com., 141 ; *Welch* v. *Gould*, 2 Root, 287 ; *Wheaton* v. *Dyer*, 15 Conn., 307 ; and Rev. Stat., tit. 29, § 13.

ELLSWORTH, J. The defendant puts his right to the land in question upon his deed from Michael F. Mills of the 7th of May, 1851, the land having been conveyed to Mills by Dennis Whalley on the 20th of July, 1841.

The deed from Whalley to Mills must upon the facts found be regarded as nothing more than a mortgage. It was so decided by us in the case of *Mills* v. *Mills*, 26 Conn., 213 ; but as this defendant was not a party to that suit, the judgment is not of force against him, beyond the settlement of the law upon the facts then found, which are precisely the same, so far as the mortgage is concerned, as in the present case.

The deed of Michael F. Mills to the defendant does not embrace this piece of land by description; and if it embraces it at all, it is entirely by force of the general clause, " with all the other land I own in the town of Norfolk ; " a clause that is generally used, where used at all, to strengthen and secure what has gone before, rather than as a distinct and independent grant of additional estate. To suppose the parties to have actually intended to embrace this land in the deed, situated as it was, is to suppose them to have done an act entirely inconsistent with honesty, and one which could receive no favor from this court. It is certain that the defendant did not really give credit to the mortgage title in Mills. Mills certainly was not the *owner* of the land, and never represented that he was. Were there proof that the town records had

been examined by the defendant, and that he had found a clear title in Mills and relied upon it, giving him credit and taking his mortgage on the ground of this title, the defendant might perhaps have a somewhat plausible claim to the land. But there is no such proof. The deed shows all that there was of knowledge or belief on his part or of intention on the part of the grantor, and it declares that the grantor conveys, as we interpret the deed, only what he strictly *owns*. So much he was willing to mortgage to the defendant, and so much the defendant expected to receive by the general words made use of, and no more ; otherwise the parties would have described this piece of land, either by boundaries or by reference, in the same particular manner that the other pieces were, and as is usual in all such conveyances. We will not extend the meaning of the word *ownership*, the very word the parties chose to use and which was so properly used, so as to make it embrace what the grantor did not own, and, so far as appears, did not pretend to own.

Much reliance is placed upon the fact that Michael F. Mills had the *paper title* to the land on the town records, as if that circumstance alone conclusively proved that he was the *real owner* of the property. But we feel bound to look at the facts and not at the form merely on such an inquiry as this. Can it be that when a person undertakes to sell, and in terms sells, only what is his own, he sells under that term that which he holds only as trustee ? and this perhaps by some ancient dormant title of which he had not the least recollection ? Shall he be held under that term to sell, and covenant that he has good title and right to sell, what he does not pretend to own ?

The doctrine that a mortgagee of land is not the *owner* of it by virtue of his mortgage deed, has been too often held by this court and elsewhere to admit of a question in the mind of any respectable jurist. He obtains a lien upon the land, a right of priority in getting payment of his debt, that is all ; and he is never spoken of as *owner;* nor is he such even in a technical sense until he has obtained a foreclosure. *Porter*

v. *Seeley,* 13 Conn., 564; *Burr* v. *Spencer,* 26 id., 159; and *Savage* v. *Dooley,* 28 id., 411.

For these reasons we think the judgment must be reversed.

In this opinion the other judges concurred; except SAN-FORD, J., who dissented.