GEORGE K. WHITING *vs.* THE CITY OF NEW HAVEN.

45  303
f72  469

The charter of the city of New Haven provides that the common council, in taking land for a street, under the power given it to lay out streets, shall give notice, and afterwards make compensation, to the "owner" of land so taken. Held that, where land so taken is covered by a mortgage, the mortgagor and

not the mortgagee is the owner of the land within the meaning of the charter, and that after notice has been regularly given and compensation made to the mortgagor, the city is not liable to the mortgagee.

PETITION in chancery, to compel the respondent city to pay to the petitioner, a mortgagee of certain land taken for the extension of a city street, compensation for the land so taken; brought to the Superior Court, and reserved, upon a demurrer to the petition, for the advice of this court. The case is sufficiently stated in the opinion.

*L. N. Blydenburgh,* in support of the demurrer.

*L. E. Munson,* contra.

GRANGER, J. This is a petition in equity in which the petitioner alleges that he was the mortgagee of certain lands described in the petition, and that the court of common council for the city of New Haven ordered an extension and lay-out of Gilbert Avenue so called, which extension according to the order carried the street through the land mortgaged to the petitioner, thereby diminishing his mortgage security; that he had no notice of such lay-out and extension, and no notice of the meetings of the board of compensation, and that he was ignorant of the doings of the city in the premises until after it was too late to take an appeal; and praying that the city be required to restore the land or pay the petitioner the amount of the impaired value of his security, or that other proper relief be granted. To this petition the city demurred, and the case is reserved for the advice of this court.

The chief question presented by the record is, whether the petitioner was the owner of the land through which the street was laid, within the meaning of the law and the charter of the city.

The 24th section of the charter empowers the common council to order streets to be laid out. Section 25th provides that before laying out such streets the board of road commissioners of the city shall cause reasonable notice to be given to all "owners of land," proposed to be taken for such street, at

least six days before the time fixed for hearing, that they may appear and show cause against the lay-out. Section 26th provides that just compensation shall be made to the person "whose property has been taken" for such improvements before "said land" shall be taken and devoted to the public use. Section 27th provides that all damages done to any "owner of land," by the taking of "such land" for public use, shall be assessed, &c., after due notice given to such "owner" to appear before the board of compensation and be heard in reference thereto.

If the petitioner was the owner of the land taken, then he was entitled to the notice provided for in the city charter. Was he the owner of the land?

This question is very narrow, and admits of little discussion. In the case of *City of Norwich* v. *Hubbard and others*, 22 Conn., 587, CHURCH, C. J., in giving the opinion of the court, says: "A mortgagee out of possession is not the proprietor of the mortgaged premises, and in common parlance is never spoken of as such; nor is he so recognized in a legal sense. In truth the mortgagee has only a lien and cannot be considered or treated as a proprietor or owner of the mortgaged estate." This view is corroborated by analogous cases. In laying out new highways, either by the selectmen or by the county courts, or in repairing old ones, no provision is made by law for notice to be given to mortgagees, nor in practice is this ever done. The interests of mortgagees are not regarded in these proceedings; they are necessarily connected with the interests of the mortgagor, and in this respect subject to them. See also *Mills* v. *Shepard*, 30 Conn., 101.

Does the charter of the city of New Haven or any other law require notice to be given to a mortgagee in a case of this kind?

The charter does not in terms require any notice to be given to the mortgagee; it only speaks of the "owner" of the land, and requires notice to be given to "such owner." It is true that in section 26 it is provided that just compensation shall be made to the person whose "property" is taken for such improvements before the land shall be taken or devoted

to public use. But we think the word "property" in this section is used in place of the word "land," and that no such distinction can be made as is claimed by the petitioner, that property in this connection means something different from land, and that the interest of the mortgagee was meant to be protected by the use of this term. This would be a forced construction of the language used in the section of the charter referred to. If it was intended by the legislature when the charter was passed, that a mortgagee should be notified, it is but reasonable to suppose that appropriate words would have been used for that purpose.

The petitioner was not the owner of the land, and as neither the charter nor any other law requires that the petitioner should have had notice of the action of the city, we cannot require it without the exercise of powers which we do not possess.

The Superior Court is therefore advised that the petition is insufficient.

In this opinion the other judges concurred; except CAR-PENTER, J., who did not sit.