(Decided 26th June, 1878.)

---

DAVID E. THOMAS, and others *vs.* AMELIA E. STANDI-FORD, by her husband and next friend, EDWARD P. STANDIFORD.

*Resulting Trust—Clear and convincing proof required to establish Resulting Trusts—Insufficiency of Evidence to establish a Resulting Trust.*

On the 5th of March, 1873, J. F. and wife leased to E. P. S. a lot of ground for the period of ninty-nine years, the consideration being the annual payment of thirty-two dollars rent. On the 23rd day of the following June, the lease was assigned by E. P. S. to his wife, for the consideration of five

dollars. D. E. T. had recovered a judgment against E. P. S. in 1869, and the said judgment having been revived by *scire facias*, an execution was issued and levied upon the property so assigned to his wife by E. P. S. Proceedings under the execution were restrained by injunction. Upon final hearing a decree was passed making the injunction perpetual. On appeal from this decree it was HELD :

1st. That the only ground upon which the wife's claim to the property assigned to her, could be supported, was by reason of a resulting trust.

2nd. That the law is well settled that if a husband purchase an estate with the money of his wife, there is a resulting trust, and the husband holds the property as trustee for the benefit of his wife.

3rd. That to establish a trust of this sort, strong and convincing proof is always required.

4th. That the evidence in this case not being plain, direct and unequivocal, but altogether unsatisfactory, fails to establish a resulting trust for the benefit of the wife.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BRENT, ALVEY and ROBINSON, J.

*John M. Carter* and *George G. Hooper*, for the appellants.

If the resulting trust in favor of the wife be established, it is of course, a successful barrier to the execution of the appellant, David E. Thomas; but otherwise it is submitted that the employment of the wife's money in the building of the improvements can have no such effect, as the judgments became liens upon the property at the moment of Edward P. Standiford's acquisition of the title. *Heuisler vs. Nickum*, 38 *Md.*, 270 ; *Murphy vs. Cord,* 12 *G. & J.*, 182 ; *Keller vs. Keller*, 45 *Md.*, 275.

Thomas, *et al. vs.* Standiford.

A resulting trust cannot arise in the case of a lease, where the consideration is simply the payment *in futuro* of the rent reserved. The trust arises out of the circumstance that the money of the real, and not of the nominal purchaser, formed, *at the time,* the consideration of that purchase, and became converted into land. *Holida vs. Shoop,* 4 *Md.,* 465; *Keller vs. Keller,* 45 *Md.,* 270; see also reservation in Court's opinion, in the case of *Greer vs. Baughman,* 13 *Md.,* 276, bottom of page.

But even if a resulting trust could arise in such a case as this, it is contended that the payment of the cost of the improvements subsequently erected, which must form the foundation of the trust, has not been made out by the plain, direct, unequivocal and convincing evidence that the case requires. On the contrary, the evidence of the appellee's witnesses herein is vague and self-contradictory. *Keller vs. Keller,* 45 *Md.,* 274; *Greer vs. Baughman,* 13 *Md.,* 257; *Holida vs. Shoop,* 4 *Md.,* 474.

There can be no resulting trust herein, for the further reason that there has been such *laches* and acquiescence on the part of the appellee as to defeat her rights, in that when the lessor declined to make the lease in question to her, she acquiesced in its being made to her husband; in that it was not even suggested that it be made to him as her trustee; in that the assignment of it by her husband to her was not made until more than two months after he received it; and in that in the assignment there was inserted no recital of the trust now attempted to be set up as a consideration.

*Samuel Snowden,* for the appellee.

BRENT, J., delivered the opinion of the Court.

The object of the bill in this case is to obtain an injunction, restraining the appellants and the sheriff of Baltimore County from selling under execution certain lease-

hold property, to satisfy judgments against the husband of the appellee.

The lot in question was leased by John Fox and wife, on the 5th day of March, 1873, to Edward P. Standiford, for the period of ninety-nine years, the consideration being the payment of an annunl rent of $32. The lease seems to have been signed at that date by the respective parties, but is not acknowledged until the 7th of April, following.

On the 23rd of the following June the lease was assigned by Standiford, for the consideration of five dollars, to his wife, Amelia E., and on the same day both the lease and assignment were deposited in the clerk's office for record.

The judgment of the appellant, Thomas, was obtained against Edward P. Standiford, on the 24th of August, 1869, and having been revived by *scire facias*, an execution was issued and levied upon the property in question, when further proceedings were restrained by injunction. Upon final hearing this injunction was made perpetual, and from this decree the present appeal is taken.

The bill in substance, sets up an exclusive beneficial interest of the wife in the lease, by the assignment of her husband, and from the fact that the buildings and improvements were put upon the property with her money.

The only ground upon which Mrs. Standiford's claim to the property can be supported, is by reason of a resulting trust; and the question arises is such a trust sustained by the proof?

As stated in the opinion of the learned Judge of the Circuit Court, "there is, perhaps, no principle more clearly settled by numerous authorities, than that if a husband purchases an estate with the money of his wife, there is a resulting trust, and the husband holds the property as trustee for the benefit of his wife." While parol proof is admissible to establish a trust of this sort, it is important to understand that such proof must be strong and convincing. In the case of *Greer vs. Baughman, and others*, 13.

*Md.*, 257, which is very similar in its facts to the present one, the Court, after an examination of the cases on this subject, holds that the proof of the payment of the money by the party setting up the trust, must be clear and convincing.    And so in *Brawner vs. Staup*, 21 *Md.*, 328, it is said, that " the payment of the money by the *cestui que trust*, must be clearly proved," and in *Keller vs. Keller*, 45 *Md.*, 269, that the payment of the money " must be made out by plain, direct and unequivocal evidence."

The proof in this case does not satisfy us that any money of the wife has been expended upon the property in question.    Instead of being plain, direct and unequivocal upon this point, it is altogether unsatisfactory.    The improvements are claimed to have been built from money borrowed from a building association, and from three hundred dollars received by the wife from her father's estate.    Although her father died in Baltimore, no proof is offered of any distribution of his estate, or any attempt made to account for its omission.    When questioned where this sum of $300 was kept, the wife testifies that it was deposited in the Savings Bank of Baltimore.    When her account with that bank is produced by the appellant Thomas as a part of his proof, it appears that she had at no time to her credit there more than $67.32.    This she afterwards undertakes to explain by testifying that a part of her money was kept elsewhere.    When asked, upon cross-examination, where, she refuses or cannot tell.    She also afterwards claims that she had received money from boarders and for sewing.    Upon her cross-examination upon this part of her testimony, her answers are unsatisfactory, and the amount realized from these sources appears very small and trifling.    The testimony of the husband tends to show that the improvements upon this property were made from his own work and earnings as a carpenter, and from the money borrowed from the building association.    The latter has not been paid, and as no sufficient proof is offered to show by whom

it was borrowed, it cannot be assumed to have been the money of the wife. Some of the dues to the association have been settled, but whether by the wife or husband does not clearly appear.

In view of the strict proof required to establish a resulting trust, there has been a failure of proof in this case. It is neither clear nor convincing, and the decree of the Circuit Court must be reversed.

*Decree reversed, and*
*bill dismissed.*

(Decided 26th June, 1878.)