TURMAN *v.* SANFORD.

Opinion delivered February 16, 1901.

1. CONVEYANCE—AFTER-ACQUIRED TITLE.—If the interest of a mortgagee of land be such an estate as will inure to the benefit of a former grantee of such mortgagee, under the statute providing that if any person shall convey any real estate, and shall not have the legal estate therein, but shall afterwards acquire the same, such after-acquired estate, legal or equitable, shall immediately pass to the grantee (Sand. & H. Dig., § 699), the conditional interest of such grantee will be extinguished by payment to the mortgagee of the debt secured, made by the mortgagor without notice of the mortgagee's prior conveyance. (Page 96.)

2. SAME—RECORD AS NOTICE.—The record of a conveyance by a mortgagee of his interest in the mortgaged land will not be constructive notice to the mortgagor, since he does not hold under the mortgagee; and this is true, although the form of the mortgage was a deed absolute from the mortgagor to the mortgagee with title bond retained by the mortgagor. (Page 99.)

Appeal from Scott Circuit Court.

JNO. B. McCALEB, Judge.

STATEMENT BY THE COURT.

William B. Turman was on the 28th day of August, 1882, the owner of the tract of land in controversy. On that day J. C. Gilbreath, without having any title, mortgaged it to A. D. Peace. Afterwards on the 11th day of August, 1884, Turman conveyed the same land to Gilbreath, and received back from Gilbreath a bond for title. The conveyance from Turman to Gilbreath, though in the form of an absolute deed, was in fact a mortgage, and was afterwards so declared in a litigation between Turman and the administrator of Gilbreath. Afterwards Peace brought suit, and foreclosed his mortgage against Gilbreath, Turman not being a party to the action. At the foreclosure sale Thomas N. Sanford purchased the land. The sale was confirmed, and a deed made to Sanford. Afterwards in a litigation between Turman and the administrator of Gilbreath it was adjudged that the mortgage from Turman to Gilbreath was satisfied, and the land declared to belong

to Turman. Sanford was not a party to this litigation, and afterwards brought this action of ejectment to recover the land from Turman. The circuit court held that the conveyance of Turman to Gilbreath inured to the benefit of Peace, the mortgagee of Gilbreath, and that Sanford by his purchase at the foreclosure sale became the owner and entitled to the possession of the land. Judgment was therefore entered in his favor for the recovery of the land, from which judgment Turman appealed.

*Hill & Brizzolara,* for appellant.

The after-acquired title of Gilbreath did not inure to Peace. The words "grant, bargain and sell" in Sand. & H. Dig. § 696, do not operate as a covenant of warranty to convey after-acquired title. 18 Mo. 531; 39 Mo. 536, 566; 47 Ark. 111. There was nothing in the mortgage to Peace sufficient to carry the after-acquired title. 3 Washb. Real Prop. (5th Ed.), * 466. For the common-law rule as to after-acquired title, see: Coke, Litt. §§ 265, 265 *a;* 2 Ping. Real Prop. § 1210; 11 How. 297; 3 Washb. Real Prop. * 473, 479. The estoppel upon which the doctrine is based does not operate against strangers. 3 Washb. Real Prop. * 473, 479; 11 How. 297; Jones, Mort. § 683; Tied. Real Prop. § 858; 2 Ping. Real Prop. § 1214; 59 Ark. 299. The after-acquired title can inure to the grantee only when the grantor subsequently acquires it in the same capacity in which he conveyed it. 2 Ping. Real Prop. § 1210. Ordinarily the purchase at foreclosure takes only the title held by the mortgagor at the time of execution of the mortgage. Wiltsie, Mortg. Forec. § 577. If after-acquired title is to be affected, it must be alleged in pleading. 2 Jones, Mortg. § 1581; 2 Ping. Mortg. § 1978. The foreclosure purchaser took title *pendente lite* and subject to equities of appellants. 12 Ark. 421; 16 Ark. 175; 15 Ark. 344; 31 Ark. 491; 57 Ark. 569; 36 Ark. 217; 57 Ark. 97; 29 Ark. 357; 30 Ark. 249.

*H. C. Mechem* and *F. A. Youmans,* for appellee.

The legal estate, under a mortgage, passes to the mortgagee. 43 Ark. 504. That carries with it the right of possession, at all events, after forfeiture. 30 Ark. 520; 1 Jones, Mortg. § 15. Under Sand. & H. Dig., § 699, the after-acquired title of the mortgagee passed to his previous grantee. 47 Ark. 111; 63 Ark. 569.

RIDDICK, J., (after stating the facts). The questions presented by this appeal are: Did the mortgage from Turman to

Gilbreath inure to the benefit of Gilbreath's mortgagee, Peace? And did Sanford, by purchasing at the Peace foreclosure sale, succeed to the rights of Peace, and become entitled to the possession of the land? The statute upon which Sanford bases his right to recover is as follows: "If any person shall convey any real estate by deed purporting to convey the same in fee simple absolute, or any less estate, and shall not at the time of such conveyance have the legal estate in such lands, but shall afterward acquire the same, the legal or equitable estate afterward acquired shall immediately pass to the grantee, and such conveyance shall be as valid as if such legal or equitable estate had been in the grantor at the time of the conveyance." Sand. & H. Dig. § 699. Under this statute if Gilbreath had, subsequent to the execution of his mortgage to Peace, acquired title in his own right to the land mortgaged, it would, by virtue of the statute, have inured to the benefit of his mortgagee. *Kline* v. *Ragland,* 47 Ark. 111. But he only secured a mortgage upon it; for, though the deed obtained from Turman was absolute in form, it is admitted that it was executed to secure a debt, and was in law a mortgage, and must be treated as such. And there is room for doubt whether the interest in mortgaged land acquired by the mortgagee by virtue of the mortgage before foreclosure is such an estate as will by the statute pass to a grantee to whom he has conveyed the land prior to his mortgage. For the mortgagee before the foreclosure is neither at law nor in equity the real owner of the land. The legal title, it is true, passes to him by the mortgage, but he holds it for the protection of his debt, and for that purpose only. If he takes possession before foreclosure, he must account to the mortgagor for rents and profits, and so soon as his debt is paid his rights in the land cease. He has before foreclosure no such estate in the land as can be attached for his debts or levied upon and sold under execution. If he dies, his widow has no right of dower in it as real estate. His interest as mortgagee does not descend to his heir, but passes to his personal representative as personal assets. On the other hand, all the usual incidents of ownership belong to the mortgagor in possession of the mortgaged land before foreclosure. His interest therein can be attached for his debts or levied upon and sold under execution. He can maintain an action of ejectment for the land against a stranger, and the mortgage cannot be set up as a defense. In case of death his interest therein passes not to his administrator as per-

sonalty, but descends as real estate to his heir, and his widow is entitled to dower in it as in other real property. Thus, while, for the purpose of protecting the mortgage debt, the mortgagee, as between himself and the mortgagor, is considered the owner of the land, for other purposes and between other parties not holding under the mortgage the mortgagor is the owner. The interest of the mortgagor is considered and treated as real estate, while that of the mortgagee is only a personal asset. *Terry* v. *Rosell,* 32 Ark. 478; *Miles* v. *Shepard,* 30 Conn. 98; 1 Jones, Mort. (5th Ed.), §§ 11, 15, 664, 698, 699, 703; 3 Pomeroy's Equity, §§ 1186, 1187.

There are other objections to the contention that the interest of a mortgagee will pass under this statute. The statute only purports to pass real estate, but, if only the legal title in the mortgagee passed, it would be worthless, for the legal title can be used by the mortgagee only to collect his debt, and without the debt it would avail nothing. On the other hand, if we adopt the contention that the statute operates as an assignment of the mortgage debt as well, the effect might be to pass something of more value than the land, for lands are sometimes mortgaged for more than their value, and in such a case if the mortgagor is solvent the debt is of more value than the land mortgaged.

For these reasons, we feel inclined to the opinion that Gilbreath by the mortgage from Turman did not acquire such an estate as would pass under this statute to his mortgagee, Peace. But, conceding that the interest he acquired as mortgagee from Turman did pass by the statute, it would still be liable to be defeated by the payment of the debt from Turman to Gilbreath. If Peace wished to prevent this, and to subject the interest acquired by Gilbreath under the Turman mortgage to his debt, he should, before payment was made, have given Turman notice of his claim, and in his proceedings to foreclose should have made Turman a party, and set out in his complaint this after-acquired mortgage of Gilbreath, and asked to have it subjected to his claim. But he did not do this. He neither gave notice to Turman of his claim, nor made him a party to his foreclosure suit.

Turman paid off his debt to Gilbreath, and there is nothing in the record to show that he had any notice either of the mortgage to Peace or of the claim against his land based on that mortgage until after he had discharged his debt to Gilbreath. The record of the mortgage from Gilbreath to Peace was not notice to Turman,

for he was not holding under Gilbreath, and there was no reason why he should search the records to discover conveyances made by Gilbreath. It is sometimes said that the record of a deed is notice to all the world, but it is more accurate to say that it is notice only to those claiming title under the same grantor. They are the persons for whose benefit the registration is required, and whose duty it is to take notice of it, such as subsequent purchasers and mortgagees dealing with the title in the line of which the recorded deed stands. *Maul* v. *Rider*, 59 Pa. St. 167, 171; 2 Devlin, Deeds (2d Ed.), §§ 712, 713.

The record is not notice to outside parties having no connection with the title of which the recorded deed is a part, and the record of the Peace mortgage was not notice to Turman; for, as before stated, he does not hold under Gilbreath, and there is nothing else in the record to show that he had notice. Under these circumstances a payment by Turman of his debt to Gilbreath secured by the mortgage left no beneficial interest in Gilbreath for the statute to act upon. The statute in reference to the grantor's after-acquired title was enacted to prevent fraud and effect justice, but under the circumstances here it would be neither right or just to compel Turman to pay his mortgage debt a second time to one who had given him no notice of his claim until after the payment of the debt.

For these reasons we think the plaintiff, under the facts stated in the record, cannot recover. The judgment is therefore reversed, and the cause remanded for new trial.

BUNN, C. J., dissents.