GUNTHER *v.* COTNER.

4-4254

Opinion delivered March 30, 1936.

*Thomas Harper*, for appellant.

*Geo. W. Johnson*, for appellees.

BAKER, J. S. N. Gunther, plaintiff in the circuit court, appellant on appeal, sued L. N. Cotner, J. M. Cotner, and J. C. Cotner upon two notes. The first note, dated January 3, 1928, matured October 15, 1928, and was for the sum of $385 with interest from maturity at ten per cent. per annum until paid.

The second note dated December 12, 1929, matured six months after date with interest from date at ten per cent. per annum until paid.

The first note had two payments indorsed upon it as follows:

| | | | |
|---|---|---|---|
| 4-29-1929 | $20.00 | to | 5-15-1929 |
| 5-28-1929 | 18.50 | to | 10-15-1929 |

The second note also bore certain credits as follows:

| | |
|---|---|
| Dec. 1930 | $100.00 |
| 10-27-32 pd. | 11.00 |
| 1-31-33 pd. | 5.50 |
| 3-21-33 pd. | 55.00 |

Both notes were payable to the order of the First National Bank of Mansfield. Both bore an indorsement "Transferred to S. N. Gunther without recourse. First Natl. Bk., Mansfield, Ark. By W. L. Yowell, cashier." Above this indorsement was a guaranty of payment, waiver of demand, notice of nonpayment, etc. Parties have disregarded this guaranty very properly, and it will receive no consideration from us.

The complaint alleged the transfer of the notes to plaintiff as having been made on December 31, 1929, for the face amount thereof.

Defendants answering denied the transfer of said notes to plaintiff at any time for a valuable consideration; alleged that the transfer was by officers of the bank after its insolvency for the purpose of giving a preference to plaintiff who was a brother-in-law to the cashier Yowell. They also pleaded that at the time of the transfer said notes were overdue, and that at maturity and continuously thereafter J. C. Cotner had an account at the bank greatly in excess of the amount due on the notes

and that defendants were entitled to offset the deposit against the notes.

This plea was relied upon as to the second or larger note, while the bar of limitations was relied upon as to the first note. The court sustained the plea of limitations as to the first note, and a jury trial as to the matters in issue upon the second note resulted in favor of defendants. From the resulting judgment comes this appeal.

There is but one issue as to the first note, the one held to have been barred by the statute. The note as stated above had two payments indorsed thereon, the total amount thereof equaling one year's interest $38.50. The cashier of the bank had, when payments were made, credited the whole amount as interest showing payment of interest to October 15, 1929. There is no evidence that such credits were made by any agreement with defendants or any of them, but such credits were defended upon the well-recognized theory that unless the payor directed a particular application of the payment the creditor could apply same as he pleased. Appellant further contends that since the interest was paid in advance to October 15, 1929, there arises in law a presumption that the date of payment was extended to that date. That being true, the bar of the statute was not effective until five years thereafter. The suit was filed within five years after October 15, 1929.

It may be conceded that if appellant's premises are correct the conclusions follow. We do not agree with the first proposition stated by appellant that he could, without an express agreement, credit the payments upon unearned interest. We know of no authority, and none has been cited, empowering the creditor arbitrarily to apply payments made upon unmatured obligations when there are debts past due upon which same may be applied. The error of appellant's contention will be apparent if the case of *Jones* v. *Dowell*, 176 Ark. 986, 4 S. W. (2d) 949, be considered in relation to the facts stated. This case is in conformity with a much earlier case holding: ''The remaining notes were not matured when the last payment was made, and without agreement with his debtor the creditor could not, and the law does

not, appropriate payments to debts not due." *Kline* v. *Ragland*, 47 Ark. 111, 14 S. W. 474. Besides the fact that without an agreement to appropriate the debtor's money to payment of unearned interest is to violate his right to pay before the newly-fixed maturity date without loss; it also runs counter to the provisions of § 7358, Crawford & Moses' Digest, which furnishes the rule applicable to partial payments. No presumption obtains, as argued, that there was an extension of the maturity date of the note, such presumption being in conflict with law.

The last payment on this note was May 28, 1929. Suit was filed June 11, 1934. The note was barred.

The second note and the facts in relation thereto present other questions and difficulties.

We cannot conceive that it would result in any particular benefit to anybody to state in detail evidence introduced upon trial. We content ourselves with a statement of such pertinent facts, and of our conclusions from the record as may be necessary to settlement of the issues. The date of the transfer of this note was a material matter about which appellant gave very little information. Yowell, the cashier of the bank, was the brother-in-law of appellant. While the bank was open he was the agent of appellant, making investments for his principal, checking on his account for money as needed therefor. This is the effect of Gunther's testimony.

Notes were left at the bank after purported purchase until about time the bank closed. The last payment thereon was by L. N. Cotner, March 21, 1933, at the bank to Yowell. This was the $55 credited on note of that date.

The receiver of the bank, Rex Ramsey, testified and introduced Gunther's bank account over objections of Gunther. Ramsey said he could not tell when money was withdrawn from the account to pay the bank for the notes. The account did not show any withdrawals on the date the notes were shown to have been paid according to bank's books. He could not tell whether the bank received a check or cash, or that it in fact received anything for the notes. He also testified that J. C. Cotner had $2,000 in the bank from 1929 until it closed about November 3, 1933. It had been insolvent since March 5, 1933.

This appeared from examiner's reports. He stated positively there was nothing to show how or when Gunther paid off these notes.

After the bank failure L. N. Cotner talked with Gunther about the notes. He said: "I understand you have some notes of mine." Gunther replied: "Hell, no, I have not got any of your notes." When Cotner advised him he had been so informed by Yowell he promised to see Yowell about it. This is not all of the testimony relative to the transfer or possession of the notes.

Appellant objected vigorously to the testimony of Ramsey the receiver in regard to Gunther's account. The positive statement that such testimony was incompetent does not make it so. Whatever force the objection may have had prior to Gunther's testimony was destroyed when he testified that Yowell made investments for him from his account when he thought the security good. If this transaction was in good faith and legal in all respects a thorough investigation of Gunther's account would have disclosed credits for the partial payments made upon the notes after the purchase. It is to us significant in this state of the record that Yowell was not called as a witness. He certainly was not unfriendly to appellant according to this record.

It became a question of fact as to the date of the transfer of the notes. We, like the receiver who had charge of the books and records, cannot say when the transfer was made or whether paid for. The testimony of the interested parties cannot be said to be undisputed, in determining the legal sufficiency. *Bridges* v. *Shapleigh Hardware Co.,* 186 Ark. 993, 57 S. W. (2d) 405; *McGraw* v. *Miller,* 184 Ark. 916, 44 S. W. (2d) 366.

These questions were for the jury to determine. The verdict was against appellant's contentions, and the transfer must be regarded as having been made after insolvency of the bank and after maturity of the notes, and subject to set-off by the deposit of one of the makers.

The objections to instructions are such only as to stress or accentuate the propositions discussed. The in-

structions correctly presented the issues, and are free from prejudicial errors.

The verdict is supported by substantial testimony.

Affirmed.